UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER SADOWKSI, | ) | |
| | ) | No. 21 CV 2567 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| MENARD, INC., BR CUSTOM SURFACE, and SAMBRO INTERNATIONAL LTD., | ) ) ) | |
| | ) | June 25, 2025 |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Walter Sadowski brings this action for damages against Defendants in connection with an incident that he alleges caused him personal injuries in September 2019. Before the court is Defendant Menard, Inc.'s ("Menard") motion to strike Dr. Neema Bayran's rebuttal expert report for failure to comply with Federal Rule of Civil Procedure 26(a)(2). For the following reasons, the motion is granted:

**Background**

Sadowski alleges that he sustained significant injuries on September 27, 2019, when a tire he was inflating on a BR Custom Surface Tuff Terrain Cargo Wagon sold by Menard (the "Wagon") suddenly burst. (R. 32, Am. Compl. ¶ 20.) During expert discovery, Sadowski served Menard with a November 2024 expert report from senior mechanical engineer, Chris Ferrone. (See generally R. 123, Pl.'s Resp. Ex. A.) Ferrone opines that a design defect in the Wagon's two-piece wheel assembly rendered it unreasonably dangerous, such that the wheel assembly separated and

became an airborne projectile, injuring Sadowski's face, eyes, and body, and causing the loss of his right eye. (Id. at 20-25.)

In turn, Menard served Sadowski with a February 2025 report from its expert witness, Mark Hineman, a metallurgical engineer who specializes in materials testing and analysis. (See generally id. Ex. B.) Although Hineman's main opinion is that the subject tire burst causing Sadowski to sustain injuries because he overinflated the tire. (See id. at 6.) Hineman also included an opinion that many objects, including "small pieces of inner tube . . . may have caused or contributed to Mr. Sadowski's injuries." (See id. at 6.) To rebut this "opinion," on April 2, 2025, Sadowski disclosed his rebuttal expert, Dr. Bayran, an interventional pain management physician with experience treating facial injuries, (R. 121, Def.'s Mot. Ex. D; see also R. 119), who opines that only the outer rim of the Wagon's wheel could have caused Sadowski's injuries, (R. 123, Pl.'s Resp. at 6-7).[1] Menard now seeks to exclude Dr. Bayran's rebuttal opinion, asserting that it fails to comply with Rule 26(a)(2). (See generally R. 121, Def.'s Mot.) Sadowski disagrees, arguing that the opinion is admissible because it "provid[es] a simple medical opinion, relying on the medical records . . . ." (R. 123, Pl.'s Resp. at 6.)

## Analysis

District courts have "discretion over discovery determinations, including whether to exclude improper expert reports." *Karum Holdings LLC v. Lowe's Cos.*,

---

[1] The significance of Dr. Bayran's opinion is unclear to this court in light of Hineman's main opinion on the cause of the tire bursting. But the issue related to the usefulness or relevance of the opinion is not before the court.

*Inc.*, 895 F.3d 944, 950 (7th. Cir. 2018). Rule 26(a)(2)(D)(ii) limits the scope of expert rebuttal reports to "evidence . . . intended solely to contradict or rebut evidence on the same subject matter identified by another party." In other words, expert evidence "used to contradict . . . the impact of evidence offered by an adverse party" is proper rebuttal evidence. *Frerck v. Pearson Educ., Inc.*, No. 11 CV 5319, 2014 WL 477419, at *2 (N.D. Ill. Feb. 6, 2014) (quoting *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008)). But evidence that is offered only as additional support of a party's argument is not. *Noffsinger v. Valspar Corp.*, No. 09 CV 916, 2011 WL 9795, at *6 (N.D. Ill. Jan. 3, 2011). And Rule 26(a)(2)(B) sets forth the requirements for an expert's report, which must include:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Here, Dr. Bayran's rebuttal report meets the requirements of Rule 26(a)(2)(D)(ii) but does not satisfy Rule 26(a)(2)(B), so it must be stricken.

## A. Rule 26(a)(2)(D)(ii)

Menard argues that Dr. Bayran's report does not qualify as proper rebuttal evidence because it "fails to rebut the opinions set forth in the report of Mark Hineman," does not "even attempt to highlight the opinion [Dr. Bayran] is attempting to rebut," and includes assertions Hineman did not make. (R. 121, Def.'s Mot. at 1,

3

6-8.) As discussed, a rebuttal report must address issues raised by the opposition's expert instead of simply bolstering support for issues for which the party bears the burden of proof. *Stanfield v. Dart*, No. 10 CV 6569, 2013 WL 589222, at *3-4 (N.D. Ill. Feb. 14, 2013).

Contrary to Menard's assertions, Dr. Bayran's opinion rebuts portions of Hineman's opinion concluding that numerous objects from the Wagon's tire could have caused Sadowski's injury. (R. 123, Pl.'s Resp. at 2.) As Sadowski points out, Hineman describes testing showing that "there were small pieces of inner tube that had separated from the tubes and may have caused or contributed to [] Sadowski's injuries." (Id. Ex. B at 6.) In contrast to Hineman's opinion, the core of Dr. Bayran's opinion is that "the only part of the wheel assembly capable of causing such an extensive injury to [] Sadowski's face . . . would have been the outer rim of the wheel." (Id. Ex. D.) Accordingly, Dr. Bayran's report contradicts Hineman's opinions just enough to satisfy Rule 26(a)(2)(D)(ii). *See Frerck*, 2014 WL 477419, at *2.

**B.    Rule 26(a)(2)(B)**

Menard also argues that Dr. Bayran's rebuttal report runs afoul of Rule 26(a)(2)(B)(i)-(vi). Where a party's expert report fails to disclose information required by Rule 26(a), Rule 37(c)(1) prohibits the party or witness from using that evidence at trial unless the failure to disclose is substantially justified or harmless. Menard asserts that Dr. Bayran's report fails to: (1) disclose a list of all cases in which he testified as an expert in the past four years or the compensation he will be paid for his report and testimony; (2) include the facts or data he considered in formulating

his opinion; (3) attach exhibits used to support his conclusions; and (4) provide a basis for his opinions. (See generally R. 121, Def.'s Mot.)

As an initial matter, Sadowski says Dr. Bayran's failure to include compensation information or the absence of a list of all cases in which he has testified as an expert is substantially justified because Dr. Bayran did not have any billing information when he prepared his report, and he had never previously testified as an expert witness. (R. 123, Pl.'s Resp. at 3-4.) Sadowski further asserts that any deficiency in the report is harmless because Dr. Bayran provided the information promptly upon request. (Id. Ex. E (Dr. Bayran's affidavit disclosing his compensation and absence of prior expert testimony).) On this point, the court agrees.

In *Jenkins v. Bartlett*, 487 F.3d 482, 488 n.3 (7th Cir. 2007), the defendant's initial expert disclosure was in "technical noncompliance" with Rule 26(a)(2)(B) because it was signed by the attorney rather than the experts. However, the defendant later remedied the error through affidavits in which the experts affirmed that they were adopting the contents of the disclosure as their own. *Id.* at 488. The Seventh Circuit held that the district court did not abuse its discretion in admitting the expert reports. *Id.* Here, as in *Jenkins*, Dr. Bayran remedied any initial error by promptly submitting an affidavit that included the missing information. (R. 123, Pl.'s Resp. Ex. E.)

But Dr. Bayran also fails to satisfy Rule 26(a)(2)(B)(i)-(iii), and these errors are fatal to his report. First, Dr. Bayran does not include a "complete statement of all opinions," including the basis for those opinions as required by Rule 26(a)(2)(B)(i).

5

(R. 121, Def.'s Mot. at 1.) Whereas engineering experts Hineman and Ferrone provide comprehensive investigations and evaluations replete with charts, photos, and testing to support their reports, Dr. Bayran simply states that the outer rim alone could have caused Sadowski's injuries. (Compare R. 123, Pl.'s Resp. Ex. E (Dr. Bayran's report providing only conclusion that he disagrees with Hineman) with Id. Ex. A (Ferrone's report describing his inspection of equipment, observations regarding the wheel assembly, and Sadowski's testimony and then applying a detailed methodology to develop his opinions) & Ex. B (Hineman's report explaining investigation and testing supporting his conclusions).) Having offered no medical or scientific explanation or basis for his opinions, Dr. Bayran "supports nothing but a bottom line" and thus "supplies nothing of value to the judicial process." *Cripe v. Hankel Corp.*, 858 F.3d 1110, 1113 (7th Cir. 2017) (quoting *Mid-State Fertilizer Co. v. Exchange Nat'l Bank of Chi.*, 877 F.2d 1333, 1339 (7th Cir. 1989)).

Dr. Bayran further omits the facts or data he considered as required by Rule 26(a)(2)(B)(ii). *See Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008) (citing *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) ("'A complete report must include . . . 'how' and 'why' the expert reached a particular result, and not merely the expert's conclusory opinions.")). While Dr. Bayran generally references "medical records" and "Hineman's report," he does not identify with specificity which facts or materials form the basis of his conclusions, including his assertion that the outer rim was the sole cause of Sadowski's injuries. (R. 123, Pl.'s Resp. Ex. D.)

6

Finally, Dr. Bayran's report does not include the exhibits used to support or summarize his opinions as required by Rule 26(a)(2)(B)(iii). Dr. Bayran fails to identify, attach, or cite testing, charts, or photos he relies on in his report, and although Sadowski claims Dr. Bayran's expert report includes the necessary analysis, Dr. Bayran does not cite or explain data used in that analysis in any meaningful way. (R. 123, Pl.'s Resp. at 6.) Dr. Bayran's report therefore violates Rule 26(a)(2)(B)(i)-(iii). The present circumstances show no substantial justification for these deficiencies, and the cited errors are not harmless as Menard is prejudiced without the information necessary to assess Dr. Bayran's report and testimony.

## Conclusion

For the foregoing reasons, Menard's motion to strike is granted.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**